IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY LEE JOHNSON,**

           **Plaintiff,**

    **v.**                              CASE NO.  09-3161-SAC

**SHAWNEE COUNTY**
**CORONER'S OFFICE,**

           **Defendant.**

### O R D E R

This matter was filed by an inmate of the Medical Center for Federal Prisoners, Springfield, Missouri.  Plaintiff submitted a document entitled "Freedom of Information/Privacy Act Request" which is addressed to the Shawnee County "Coroner's Office" at an address in Topeka, Kansas.  He attached to this form document a copy of his inmate account statement.  Having considered these materials, the court finds as follows.

**SCREENING**

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened the materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FOIA REQUEST OR COMPLAINT**

The question immediately presented by Mr. Johnson's filings is

whether or not he intended to file a complaint under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).  The only papers received from Johnson filed as his complaint, are nothing more than an initial request for information from the Shawnee County Coroner's Office (Coroner's Office).  In fact, it appears that plaintiff may have mailed his request to this federal court by mistake.  If the papers sent to this court are plaintiff's initial request for information, then they are not a proper filing in this court.  An initial request must be mailed to the agency from which information is sought.

Plaintiff will be given time to inform the court whether the documents submitted by him are his initial request to the Coroner's Office that should have been mailed by him to the Coroner's Office.  If, instead, Mr. Johnson already sent his request to the Coroner's Office where it was denied before he sent anything to this court, and if the documents he has submitted to this court are intended to be a FOIA complaint, he must clearly inform the court as to the date his request was sent to the Coroner's Office and of any agency response.

**LACK OF JURISDICTION**

Even if plaintiff's response indicates his intent was to file a FOIA complaint, he must then show cause why this action should not be dismissed because this court lacks jurisdiction.  FOIA is the means by which the public has access to all non-exempted Federal Government information.  Public records maintained by a state agency are not "federal government information."  FOIA pertains to federal agencies and their records.  A FOIA complaint is not the means for

2

judicial review of a denial of records requested from a state agency.  Kansas has a public information act, the Kansas Open Records Act (KORA), K.S.A. § 45-215 through 45-223, which governs public disclosure of records held by state agencies.  Any claim of a violation of that Act would be a state law claim.  State law claims must be filed in the appropriate state court.  This court has no jurisdiction over claims that state law has been violated.

Moreover, under the FOIA, a person seeking information from a federal agency must first submit a request to the appropriate agency, and that request must have been denied[1].  Furthermore, he must have administratively appealed that denial[2].  Only after these steps have been completed, is it time for a plaintiff to file suit in federal court under FOIA to enjoin the defendant/agency from withholding agency records or to order production of the requested records.

**FILING FEE**

If plaintiff informs the court that he intends to proceed in

---

[1] Federal jurisdiction under the FOIA "is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records'." United States Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)(quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)). Unless each of these criteria is met, a district court lacks jurisdiction to force an agency to comply with FOIA's disclosure requirements.  See 5 U.S.C. § 552; In re Lucabaugh, 262 B.R. 900 (E.D.Pa. 2000).  If, as it appears, plaintiff has not properly completed the first step of filing a request with the agency under FOIA, he cannot establish that any records have been improperly withheld.  His case would therefore be legally frivolous, and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

[2] 5 U.S.C. § 552(a)(6)(A)(i) and (ii) requires a party to exhaust all administrative remedies within the agency before seeking redress in federal court. The record does not indicate that Johnson filed an administrative appeal from any denial or partial denial of his FOIA request.  "A court lacks subject matter jurisdiction and must dismiss a FOIA claim if the plaintiff has failed to exhaust administrative remedies." Barvick v. Cisneros, 941 F.Supp. 1015, 1018 FN3 (D.Kan. 1996)(citing see Trenerry v. I.R.S., 78 F.3d 598, 1996 WL 88459, *1 (10th Cir. 1996); Lanter v. Department of Justice, 19 F.3d 33, 1994 WL 75876, *1 (10th Cir. 1994); Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993)).

this federal court on a FOIA complaint, then he must satisfy the filing fee requirements. The court has construed and filed the financial information submitted by Mr. Johnson as his Motion to Proceed Without Prepayment of Fees (Doc. 2). Under 28 U.S.C. § 1915(b)(1), a plaintiff granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted such leave merely entitles him to pay the filing fee over time by submitting an initial partial fee and then payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Section 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to his account has been $ 69.00, and the average monthly balance has been $ 26.09. The court therefore would be required in this case to assess an initial partial filing fee of $ 13.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

If plaintiff responds that he intends to proceed with this action in federal court, he will be required to pay this initial partial filing fee, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted could result in dismissal of this action without further notice. In addition, he will be responsible for paying what remains of the $350.00 filing fee through payments automatically deducted from his inmate account. If, on the other hand, plaintiff informs the court

that he did not intend to initiate a FOIA action in federal court, this action will be dismissed, without prejudice. In addition, his motion to proceed without prepayment of fees would be denied as moot, and he would not be made responsible for paying any of the $350.00 filing fee for this action.

Plaintiff will be given time to respond to the foregoing Order and to show cause why this action should not be dismissed for lack of jurisdiction. If he fails to properly respond within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to respond as required in the foregoing order, and to show cause why this action should not be dismissed, without prejudice, for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge